1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES EDWARD BOWELL,

11              Plaintiff,                          No. 2:12-cv-0603 JAM EFB P

12        vs.

13   T. SMITH, et al.,

14              Defendants.                         FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

17   brought under 42 U.S.C. § 1983.  He proceeds on an Eighth Amendment claim against defendant

18   Smith based on an alleged use of excessive force on December 3, 2009 at High Desert State

19   Prison.  Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b), on the

20   ground that plaintiff failed to exhaust available administrative remedies prior to filing suit.  Dckt.

21   No. 20.[1]  For the following reasons, defendant's motion must be granted.

22   ////

23   ////

24   _____

25        [1] Defendant's motion included a notice to plaintiff informing him of the requirements for
     opposing a motion to dismiss for failure to exhaust available administrative remedies.  *See*
26   *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir.
     Sept. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

1   **I.      Exhaustion under the PLRA**

2          The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

3   with respect to prison conditions [under section 1983 of this title] until such administrative

4   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to

5   the exhaustion requirement have been defined broadly as "the effects of actions by government

6   officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v.*

7   *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

8   Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the

9   claims the plaintiff has included in the complaint, but need only provide the level of detail

10  required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

11  *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials

12  "time and opportunity to address complaints internally before allowing the initiation of a federal

13  case").

14         Prisoners who file grievances must use a form provided by the California Department of

15  Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline

16  the action requested.  The grievance process, as defined by California regulations, has three

17  levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

18  Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has

19  received a "Director's Level Decision," or third level review, with respect to his issues or claims.

20  *Id.* § 3084.1(b).

21         Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

22  741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

23  critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

24  "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

25  on *Booth*, the Ninth Circuit has held:

26  ////

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d 1023, 1029 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[2] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

////

////

---

[2] Here, defendant relies on testimonial evidence in the form of declarations from prison officials and a documentary record to establish the facts in support of his contention that plaintiff failed to exhaust.

a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

**II.    Discussion**

Plaintiff alleges that, on December 3, 2009, he was injured due to the use of excessive force by defendant Smith.  Evidence submitted with defendant's motion to dismiss demonstrates that plaintiff filed one prison appeal related to this incident, log no. HDSP-Z-10-00116.  Dckt. No. 20-3, Cornelison Decl. ¶ 4.  That appeal was granted in part at the first level.  *Id.* ¶ 4, Ex. A (Dckt. No. 20-4 at 3-5).  Plaintiff attempted to pursue second level review but the appeal was screened out for attaching unnecessary documents.  *Id.* ¶ 6, Ex. A (Dckt. No. 20-5 at 7; Dckt. No. 20-6 at 2); *see also* Cal. Code Regs. tit. 15, § 3084.4(c) (2010).[3]  Plaintiff was twice given the opportunity to remedy this problem by removing the excessive documents.  Dckt. No. 20-3, Cornelison Decl. ¶ 6.  However, he did not comply with these instructions and his appeal was cancelled.  *Id.*; *see also* Dckt. No. 1, Compl. § C.  Plaintiff then filed an appeal at the third and final level but it was not accepted because it failed to comply with the lower level's procedural requirements.  Dckt. No. 20-7, Lozano. Decl. ¶¶ 7-8.

The evidence submitted with defendant's motion demonstrates that plaintiff's appeal was never reviewed at the second or third levels because plaintiff failed to follow procedural rules.

////

[3] When plaintiff's appeal was screened, § 3084.4(c) allowed appeals to be rejected for excessive verbiage if the "grievance or problem [could not] be understood or [was] obscured by pointless verbiage or voluminous unrelated documentation." Cal. Code Regs. tit. 15, § 3084.4(c) (2010).

1   Thus, defendant has shown that plaintiff did not exhaust the administrative remedies available to

2   him prior to commencing this action.  The burden now shifts to plaintiff to produce evidence that

3   demonstrates either exhaustion or circumstances excusing exhaustion.  *See Sapp v. Kimbrell*, 623

4   F.3d 813, 823-24 (9th Cir. 2010).  Plaintiff fails to satisfy this burden.

5          First, plaintiff contends that his administrative remedies are exhausted because his appeal

6   was treated as a "staff complaint."  Dckt. No. 21 at 1-2.  Plaintiff's position is neither supported

7   by the applicable law, nor by the first level response to his appeal (filed with his opposition).  As

8   summarized above, the PLRA requires proper exhaustion.  In California, that means filing a

9   grievance and following the proper procedures to see that grievance through the third level of

10  review.  Here, the first level response to plaintiff's appeal informed plaintiff that his appeal was

11  only partially granted and that further administrative relief remained available.  Dckt. No. 21 at

12  4-5.  Specifically, it stated that:

13         Allegations for staff misconduct do not limit or restrict the availability of further
           relief via the inmate appeals process. If you wish to appeal the decision, you must
14         submit your staff complaint appeal through all levels of appeal review up to, and
           including, the Director's Level of Review.  Once a decision has been rendered at
15         the Director's Level of Review your administrative remedies will be considered
           exhausted.

16

17  *Id.* at 5.  The first level response made clear to plaintiff that administrative relief remained

18  available notwithstanding the fact that the appeal was processed as a staff complaint.

19  Nevertheless, plaintiff failed to properly pursue his appeal at the second or third levels of review.

20  *See* Dckt. No. 1, Compl. § C (admitting that appeal was processed as a staff complaint and

21  subsequently cancelled).  Plaintiff fails to demonstrate how the classification of his appeal as a

22  staff complaint satisfied or otherwise excused him from the exhaustion requirement.

23         Second, plaintiff contends that his appeal was improperly screened out for including

24  unnecessary documents.  Dckt. No. 21 at 2.  If a plaintiff can show that his appeal was

25  improperly screened, a court can find that administrative remedies were effectively unavailable.

26  *See Sapp v. Kimbrell*, 623 F.3d 818, 823 (9th Cir. 2010) ("[I]mproper screening of an inmate's

administrative grievances renders administrative remedies 'effectively unavailable' such that
exhaustion is not required under the PLRA").  As noted, plaintiff was twice informed to remove
extra documents from his appeal.   In response, plaintiff claims to have "removed 14 pages" from
his appeal.  *Id.* at 10.  He claims that he then resubmitted an "eight page[ ]" appeal, which
included the following documents: (a) a CDCR-7219 medical injury report, (b) the response
from the first level of review, (c) a Rights and Responsibility statement, and (d) two appeals
screening forms.  *Id.* at 10.  Plaintiff points to no authority, and the court is aware of none,
requiring that an appeal be accompanied by such documents.  Because plaintiff admits that he
continued to attach extra pages to his appeal, even after he was told to remove the "extra pages
of documentation, " he fails to show that his appeal was improperly screened pursuant to then
existing § 3084.4(c).  *See* Dckt. No. 20-5 at 7; *see also Sapp*, 623 F.4d at 823-34 (evidence of
improper screening requires showing that prison officials screened appeal "for reasons
inconsistent with or unsupported by applicable regulations.").  Despite two opportunities,
plaintiff failed to comply with the prison procedures that would have allowed his appeal to move
forward.  Therefore, the screening and subsequent cancellation of plaintiff's complaint was
proper.  *See Harrison v. Morring*, No. C 10-3701 RS (PR), 2011 U.S. Dist. LEXIS 64956 (N.D.
Cal. June 17, 2011) (screening of appeal pursuant to § 3084.4(c), with opportunity to resubmit
the appeal, provided plaintiff with "an available remedy" for purposes of exhaustion); *Davis v.
Cal. Dep't of Corr. & Rehab.*, No. 1:09-cv-1171 OWW GBC, 2011 U.S. Dist. LEXIS 9089 (E.D.
Cal. Jan. 31, 2011) ("Plaintiff submitted his appeal and was given specific instructions that he
was to remove the excess documentation . . .  [T]he appeal was properly screened out at the
second level of review for Plaintiff's failure to follow the procedural rules of the appeals
process.").

     As plaintiff has produced no evidence showing proper exhaustion and fails to
demonstrate he should be excused from the exhaustion requirement, this action must be
dismissed without prejudice.

1    Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss this

2    action without prejudice for failure to exhaust administrative remedies (Dckt. No. 20) be granted.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  May 14, 2013.

11

12   EDMUND F. BRENNAN

13   UNITED STATES MAGISTRATE JUDGE